THE EAGLE BANK OF ROCHESTER v. PATRICK RIGNEY and others.

Usury cannot be predicated of the advantage obtained by the lender by means of the difference of exchange between the place of the loan and the place of the payment, where both places are within the State.

*John C. Cochran*, for the appellant.

*G. F. Danforth*, for the respondents.

DENIO, Ch. J.   This was an action on a promissory note for $600 at two months, made by the defendant Rigney and indorsed by the other defendant for his accommodation, and discounted by the plaintiffs' bank, they deducting the discount for the time it had to run at the rate of seven per cent. The defendants proved, by the oath of the defendant Rigney, that the president of the plaintiffs' bank required as a condition of the loan that the note should be made payable at Albany, where the maker had not and did not expect to have any funds, instead of Rochester, where he resided, and where the bank was situated, the president saying that the motive for that requirement was to give the bank the difference of exchange, and that the note need not be sent to Albany, but might be paid here a day or two in advance of its maturity. The exchange was then, and generally was, half of one per cent in favor of Albany.   The defendants offered to show that the defendant Rigney had previously obtained discounts at the plaintiffs' bank, where the same condition of making

the notes payable at Albany was exacted; that in all these cases the notes were paid at Rochester without being sent to Albany, and the difference of exchange was exacted and paid by Rigney. The judge excluded the evidence, and the defendants' counsel excepted, and a verdict was directed in favor of the plaintiffs.

The point on the merits was determined against the defendants in the case of *Oliver Lee & Co's. Bank* v. *Walbridge* (19 N. Y., 134). It was there held that usury could not be predicated of an advantage obtained by the lender by means of the difference of exchange between the place of the loan and the place of payment, where both were within this State. It was shown that damages for exchange was only legally applicable to foreign bills, and that the borrower upon domestic paper could only be compelled to pay the amount, without the addition of exchange in lawful money of the United States, which the law considered of the same value in every part of the State. That case is entirely decisive of the present.

The evidence offered and excluded was incompetent. If the plaintiffs exacted usury in the other transactions offered to be proved, it would not legally tend to show that the contract in the present case was usurious. The defendants here paid no usurious premium, and the contract which they made did not secure the payment of any.

The judgment must be affirmed.

Judgment affirmed.